O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1660-DOC (RNBx)                    Date: February 20, 2014

Title: LE QUYEN VU NGO, ET AL. V. CITY OF SANTA ANA, ET AL.

PRESENT:   THE HONORABLE DAVID O. CARTER, JUDGE

      Julie Barrera                                   Not Present
    Courtroom Clerk                                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:
          None Present                               None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

     Before the Court is City of Santa Ana, Mayor Miguel Pulido, Chief Carlos Rojas, and Officer Oliver Grant's ("Defendants") Motion to Dismiss the fifth claim in the Second Amended Complaint of Le Quyen Vu Ngo and her minor children ("Plaintiffs"). (Dkt. 16). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers and supporting documents, the Court GRANTS Defendants' Motion to Dismiss.

**I. BACKGROUND**

     Plaintiffs allege the following facts:

     On or about January 11, 2013, Binh Van Nguyen ("Decedent"), husband and father to Plaintiffs, was sleeping in his parked vehicle at the 200 block of Maxine Street in Santa Ana, California. SAC ¶¶ 19-20 (Dkt. 13). Officer Grant ("Grant"), with an unknown number of other officers, approached the vehicle and woke Decedent. SAC ¶¶ 19-20. The officers did not have a warrant or probable cause to seize Decedent. SAC ¶ 25. Although Decedent was not armed and dangerous, Grant and the other officers shot and killed Decedent. SAC ¶ 22.

     On or about January 14, 2013, Defendants held a town hall meeting to discuss the shooting incident. SAC ¶ 71. At the meeting, two of the defendants, Carlos Rojas

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1660-DOC (RNBx)            Date: February 20, 2014
                                                                                          Page 2

("Chief Rojas"), the Chief of Police for Santa Ana Police Department, and Miguel A. Pulido ("Mayor Pulido"), Mayor of Santa Ana, refused to reveal information from an ongoing investigation of the incident. SAC ¶ 71. Defendants acted with fraud when they made intentional misrepresentation and concealed information from Plaintiff. SAC ¶ 37.

Based on this conduct, Plaintiffs bring nine causes of action. SAC ¶¶ 19-122. Plaintiffs' fifth claim is for Conspiracy to Deprive Decedent of his Civil Rights pursuant to 42 U.S.C. §§ 1985-86 against all the defendants. SAC ¶¶ 72-90. This is the only claim brought against Mayor Pulido. *See* SAC. Defendants move to dismiss only this cause of action. *See* Mot. at 1.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

## III. ANALYSIS

Plaintiffs allege Defendants conspired to deprive Decedent and Plaintiffs of their civil rights in violation of 42 U.S.C. §§ 1985-86. SAC ¶74-75. Defendants move to dismiss the conspiracy claim on several grounds. *See* Mot at 4-6. First, Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1660-DOC (RNBx)                                   Date: February 20, 2014

                                                                                                                               Page 3

argue that Plaintiffs fail to allege facts to support the existence of a conspiracy. Mot. at 4. Second, Defendants argue that Plaintiffs fail to allege any discriminatory animus necessary for a § 1985 conspiracy claim. Mot. at 5. Lastly, Defendants argue that there is no viable § 1986 claim because Plaintiffs failed to establish a § 1985 claim, a predicate to the § 1986 claim. The Court finds Defendants' second argument persuasive.

### A. Conspiracy Claim under 42 U.S.C. § 1985

To plead a claim for conspiracy under § 1985, the complaint must allege that defendants (1) conspired (2) to deprive any person or class of persons of the equal protection of the laws, and that (3) at least one of the conspirators did any act in furtherance of the conspiracy (4a) causing injury to his person or property or (4b) depriving the person of any right or privilege of an American citizen. 42 U.S.C. § 1985; *Griffen v. Breckenridge*, 403 U.S. 88, 102-103 (1971).

#### 1. Animus Towards Suspects is not Invidiously Discriminatory Under § 1985

Defendants argue that Plaintiffs fail to allege the requisite discriminatory animus for a valid § 1985 claim. Mot. at 5-6. The Court agrees. The Supreme Court interprets the intent to deprive a person of equal protection of the laws as requiring "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffen*, 403 U.S. at 102. Although the contours of class-based discriminatory animus outside of race are not clearly defined, the Supreme Court has been reluctant to allow other classifications. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993) (not finding gender based animus from opposition to abortion); *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 838 (1983) (rejecting economic or commercial animus).

For § 1985 purposes, the Supreme Court stated that the term "class" "unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that § 1985(3) defendant disfavors." *Butler*, 281 F.3d 1014, 1028 (9th Cir. 2002) (quoting *Bray*, 506 U.S. at 269). Because of this concern, "§ 1985(3) should 'not be extended to every class which the artful pleader can contrive.'" *Id.* (citing *McLellan v. Miss. Power & Light Co.*, 545 F.2d 919, 928-29 (5th Cir. 1977)).

The SAC fails to allege discriminatory animus required to maintain a § 1985 cause of action. Plaintiffs allege that Defendants acted "by reason of animus against possible suspects." SAC ¶ 74. "Possible suspects" is not a racial group, nor any other protected classification. At best, "possible suspects" is a group of individuals possibly engaged in

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1660-DOC (RNBx)                                           Date: February 20, 2014

                                                                                                           Page 4

conduct that Defendants disfavor, a classification that the Supreme Court rejected. *See Bray*, 506 U.S. at 269. The SAC fails to allege racial animus, or animus against any other proposed protected class. Accordingly, the Plaintiffs' § 1985 claim is DISMISSED WITHOUT PREJUDICE.

### 2. Conspiracy Based on Policies and Practice Must Specify Which Policies Violate Plaintiff's Civil Rights

Additionally, the Complaint must allege "an agreement or 'meeting of the minds' to violate" Plaintiffs' constitutional rights to establish a conspiracy to survive a motion to dismiss. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004); *Garbar v. Mohammadi*, No. CV 10-7144-DDP (RNBx), 2013 WL 4012633, at *16 (C.D. Cal. Aug. 6, 2013). "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984); *Burnett v. Short*, 441 F.2d 405, 406 (5th Cir. 1971)). However, "conspiracy may be inferred from conduct and need not be proved" by an express agreement. *Ward v. EEOC*, 719 F.2d 311, 314 (9th Cir. 1983).

Plaintiffs argue that the SAC sufficiently pleads the existence of a conspiracy. Opp'n at 4-5. Plaintiffs allege that Officer Grant and other officers shot and killed Decedent even though he was unarmed and posed no threat to the officers. SAC ¶ 22. These facts raise the inference that there was a concerted effort with no apparent justification among the officers, potentially, but there is no reference to any other defendant. These facts therefore do not support a conspiracy including any other defendants.

In addition, Plaintiffs argue that the city was a party to the conspiracy because of its policies and practices, but the allegations do not specify which policies violate Plaintiffs' civil rights. SAC ¶ 83. Allegations based on policies and practices must refer to specific actions, practices or policies to support a claim under § 1985. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (upholding dismissal of § 1985(3) claims for failure to allege specific practices or policies to support the claim). Plaintiffs then make a circular argument that the conspiracy itself became an informal policy. SAC ¶ 84. Plaintiffs' allegation that the conspiracy is an informal practice or policy is merely a conclusion with no factual support. Accordingly, Plaintiffs fail to allege a conspiracy against the City of Santa, the mayor, and the police chief.

### 3. Allegations of Conspiracy to Deprive Civil Rights by Withholding Information

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1660-DOC (RNBx)                                        Date: February 20, 2014

Page 5

The final basis Plaintiffs assert to support the conspiracy claim is that Defendants conspired to cover up the shooting incident. SAC ¶¶ 28, 74, 75, 79, 83, 84. Plaintiffs allege that Mayor Pulido and Chief Rojas refused to disclose information from a pending investigation while at a town hall meeting. SAC ¶ 84. Defendants argue that withholding information of a pending investigation can never amount to a civil rights violation. Reply at 2. The Court is not convinced that this is categorically true. *See Karim-Panahi*, 839 F.2d at 625 (finding a cognizable claim for a civil rights violation based on covering up police officers' Fourth Amendment violations).

Regardless, the Court is not convinced that Plaintiffs sufficiently alleged a single conspiracy between all Defendants. Although the fact that Mayor Pulido and Chief Rojas refused to reveal information at a town hall meeting they attended together may raise an inference of an agreement between the two defendants, it fails to include the officers in any such cover up. As there are no factual allegations to link the conduct of the officers to the allegations of a cover-up, the Court is uncertain whether Plaintiffs are alleging two separate conspiracies or failing to allege a single conspiracy.

### B. Without a Viable § 1985 Claim, There is No Violation of § 1986

Section 1986 states that "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, . . . shall be liable to the party injured . . ." 42 U.S.C. § 1986. A claim under § 1986 requires a viable § 1985 claim. *See Dooley v. Reiss*, 736 F.2d 1392, 1396 (9th Cir. 1984); *Karim-Panahi*, 839 F.2d at 626 (citing *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985)). Because Plaintiffs' § 1985 claim fails, Plaintiffs have no viable § 1986 claim. Thus, Plaintiffs' § 1986 cause of action is DISMISSED WITHOUT PREJUDICE.

### IV. DISPOSITION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss.

Plaintiffs' claims for violations of 42 U.S.C. §§ 1985-86 are DISMISSED WITHOUT PREJUDICE.

Plaintiffs must file a Third Amended Complaint, if at all, on or before **March 3, 2014.**

MINUTES FORM 11
CIVIL-GEN                                                                                                                        Initials of Deputy Clerk: jcb