# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LE QUYEN VU NGO, individually and as successor in interest to the ESTATE OF BINH VAN NGUYEN; JOSEPH THIEN NGUYEN, a minor, by and through his Guardian Ad Litem, Le Quyen Vu Ngo, and as successor in interest to the ESTATE OF BINH VAN NGUYEN; PATRICK HUU NGUYEN, a minor, by and through his Guardian Ad Litem, Le Quyen Vu Ngo, and as successor in interest to the ESTATE OF BINH VAN NGUYEN,<br><br>            Plaintiffs,<br><br>     vs.<br><br>CITY OF SANTA ANA, et al.,<br><br>            Defendants. | Case No.: SACV13-1660 DOC (RNBx)<br><br>**[Proposed]** PROTECTIVE ORDER |

THE PROTECTIVE ORDER shall govern the disclosure of the internal affairs documents and personnel records ordered produced by the Court in connection with the lawsuit entitled <u>Le Quyen Vu Ngo, et al. v. City of Santa Ana, et al.</u>, bearing case number SACV13-1660 DOC (RNBx).  These documents, hereinafter referred to as "the Protected Items", will be clearly designated prior to

the disclosure or production of such Protected Items and shall be subject to this Protective Order as follows:

1. Each person receiving any of the Protected Items shall not disclose to any person or entity, in any manner, including orally, any of the Protected Items or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

2. The Protected Items and all information contained therein, may only be disclosed to the following "qualified" persons:

    (a) Counsel of record for the parties to this civil litigation;

    (b) Plaintiffs and Defendant City of Santa Ana and its employees, Defendant Sergeant Oliver Grant, and Defendant Officer Christopher Cecil;

    (c) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a);

    (d) Investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record; and

    (e) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

3. The Protected Items may be disclosed to the Court and court personnel, in connection with this litigation. Portions of the Protected Items that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use information from Protected Items must both (a) apply to submit unredacted documents containing information from the Protected Items under seal and (b) file public versions of the same document with the information from the Protected Item redacted.

///
///

4.     In the event this matter proceeds to trial, to the extent that the Protected Items are offered into evidence, the Protected Items will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

5.     The court reporter, videographer, and audiographer, if any, who record all or part of any deposition in this matter which includes the Protected Items or descriptions thereof shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Protected Items or information to any persons other than counsel of record, absent order of the court.

6.     Those attending any deposition in this matter wherein the Protected Items are disclosed, shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements relating to information within the Protected Items made by such person during the course of said depositions.

7.     The Protected Items shall be used solely in connection with the preparation and trial of the within this action <u>Le Quyen Vu Ngo, et al. v. City of Santa Ana, et al.</u>, bearing case number SACV13-1660 DOC (RNBx), or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

8.     This Order may not be modified unless by written consent of the parties and approval of the Court.  Any party may move for a modification of this Order at any time.

9.     This Order is made for the purpose of ensuring that the Protected Items and the information contained therein will remain confidential.

10.    At the conclusion of this litigation, upon request of defense counsel, plaintiffs' counsel shall return the Protected Items to Steven J. Rothans, Esq., Carpenter, Rothans & Dumont, 888 S. Figueroa Street, Suite 1960, Los Angeles,

1 | California 90017.  Alternatively, the receiving parties and every other person
2 | and/or entity who received originals or copies of the protected item may destroy all
3 | such material and material derived therefrom within 30 calendar days after the
4 | conclusion of this case.  Additionally, within 30 calendar days after the conclusion
5 | of this case, counsel for the receiving parties shall send a signed declaration stating
6 | that such material has been destroyed pursuant to this Protective Order.

7 |       11.   Nothing in this Order shall be construed as authorizing a party to
8 | disobey a lawful subpoena issued in another action.

9 |       IT IS SO ORDERED.

11 | DATED:  <u>January 09, 2015</u>   _____
12 |                                 Honorable Robert N. Block
                                United States District Court Magistrate Judge